RENDERED:  MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0327-MR

NICHOLAS CHARLES BREINER                                            APPELLANT


APPEAL FROM MONTGOMERY CIRCUIT COURT
v.        HONORABLE WILLIAM EVANS LANE, JUDGE
ACTION NO. 18-CI-90068


JON LEDFORD                                                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND MCNEILL, JUDGES.

GOODWINE, JUDGE:  Nicholas Charles Breiner ("Breiner"), a former middle

school employee, filed suit against Jon Ledford ("Ledford"), a Court Designated

Worker ("CDW"), and the Board of Education of Montgomery County for

discrimination in violation of KRS[1] 344.040 and defamation.  The Montgomery

---

[1] Kentucky Revised Statutes.

Circuit Court dismissed the complaint, and Breiner appealed. After careful review of the record and applicable law, finding no error, we affirm.

On April 10, 2018, Breiner filed a complaint in the Montgomery Circuit Court raising issues of violation of KRS 344.040 and defamation against Ledford in both his official and individual capacities and the Board of Education of Montgomery County. Prior to the events that transpired, Breiner was employed as the Director of Vocal Music and Director of the Theater Department at McNabb Middle School in Montgomery County. On April 7, 2017, Breiner disclosed his sexual orientation as a bisexual male on social media. A few days later, Deputy Superintendent Rick Culross called a meeting to question Breiner about his sexual orientation.

On April 11, 2017, Ledford attended a confidential meeting regarding a student at the middle school as part of his statutory duties as a CDW. Breiner alleged, before or during the meeting, Ledford made several comments about Breiner's interactions with students related to his sexual orientation. Specifically, Breiner alleged Ledford accused him of improperly "openly pushing the 'gay' agenda on students and trying to turn them 'gay.'" Record at 3. Breiner contends Ledford's alleged statements were defamatory.

Breiner alleged, after the meeting Ledford attended, he suffered disparate treatment from the administration of McNabb Middle School. On May 8,

2018, the Board of Education terminated Breiner. The principal informed Breiner he was terminated due to budget restraints, his performance, and protocol. Breiner discovered his position was filled by a heterosexual female two months later. Breiner contended his treatment and termination amount to discrimination due to his sexual orientation.

Before the Board of Education responded to the complaint, the circuit court entered an agreed order dismissing Breiner's claims against the Board of Education.

In response to Breiner's complaint, Ledford moved to dismiss Breiner's claims against him in both his official and individual capacities. Ledford argued he was immune from suit under the doctrines of qualified official immunity and quasi-judicial immunity and argued Breiner's complaint was deficient. Breiner responded to the motion, conceding Ledford was entitled to immunity in his official capacity and opposing the motion as to Ledford's individual capacity.

On July 16, 2019, the circuit court entered an order dismissing the complaint. Breiner filed a motion to alter, amend, or vacate on July 24, 2019, arguing the circuit court failed to make findings that Ledford was acting in his capacity as a CDW when he made the alleged statements under *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). Ledford opposed the motion, arguing the circuit court

was not required to issue findings of fact in ruling on the motion to dismiss under CR[2] 12.02(f).

On November 5, 2019, the circuit court vacated its order dismissing Breiner's complaint and ordered an evidentiary hearing pursuant to *Yanero*. Ledford responded to the circuit court's order with a motion for reconsideration and reinstatement of the order dismissing the complaint. Ledford argued the parties fully briefed *Yanero* when arguing the motion to dismiss, and Breiner did not request an evidentiary hearing in his motion to alter, amend, or vacate. On February 17, 2020, the circuit court entered an order reinstating the July 16, 2019 order dismissing the complaint. This appeal followed.

On appeal, Breiner argues the circuit court erred in dismissing his complaint because: (1) Ledford was not entitled to quasi-judicial immunity; (2) Ledford was not entitled to qualified official immunity; and his complaint was sufficient.

Our standard of review of an order granting a motion to dismiss is as follows:

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . . Accordingly, the pleadings should be

---

[2] Kentucky Rules of Civil Procedure.

liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and citations omitted). Likewise, "[t]he question of immunity is a matter of law which this Court reviews *de novo.*" *Sangster v. Kentucky Bd. of Medical Licensure*, 454 S.W.3d 854, 856 (Ky. App. 2014) (citations omitted).

Based on our review of the record and applicable case law, Ledford was entitled to quasi-judicial immunity, so we need only address Breiner's first argument. Breiner argues Ledford was not entitled to quasi-judicial immunity because his alleged defamatory statements about Breiner were not within the scope of his employment as a CDW. In response, Ledford argues he was entitled to quasi-judicial immunity because he acted in his official capacity when making the alleged statements.

"Absolute immunity against suits for money damages is 'well established' for judges, and such immunity has also been extended to non-judicial officers performing 'quasi-judicial' duties." *Sangster*, 454 S.W.3d at 858

(citations omitted). Kentucky extends quasi-judicial immunity "to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* In determining whether quasi-judicial immunity applies, we apply a "functional approach" in which we "'look[] to' the nature of the function performed, not the identity of the actor who performed it. The party claiming absolute immunity bears the burden of establishing a justification for that immunity." *Id.* at 858-59 (citation omitted). This doctrine "applies to officials other than judges" when the official performs "a function requir[ing] exercise of discretionary judgment." *Id.* at 859.

The Supreme Court of Kentucky extended the doctrine of quasi-judicial immunity to CDWs in *Horn by Horn v. Commonwealth*, 916 S.W.2d 173 (Ky. 1995). There, the Supreme Court of Kentucky held the CDW acted within the scope of her employment and was entitled to quasi-judicial immunity based on the following reasoning:

> [W]e hold that the acts of the CDW were protected by quasi-judicial immunity as Haynes was acting within the scope of her employment and under the direction of a judge of the court. Here, we agree with the Court of Appeals when it stated: "In this instance the court designated worker was that officer who carried into effect what was required to be done by the court. We can think of no better example of where absolute immunity attaches. . . ." The Appellant would have us believe that the CDW was acting outside the scope of employment

when she accompanied the juvenile to the detention center because Haynes testified that her purpose in making the trip was to get a glimpse of this new facility. Notwithstanding the CDW's motives, however, the fact remains that Haynes would not have been allowed access to the detention center were she not employed as a court designated worker. It would be splitting hairs indeed to divvy up the CDW's actions into categories of within and without scope of employment based upon some subjective rationale utilized by the CDW in assessing her daily routine moment by moment. Rather, we believe the better route flows from Appellee's argument that the totality of Haynes' function as a court designated worker should govern rather than the happenstance of her being in the car with Appellant. We agree with the opinion by the Court of Appeals in *Dugger v. Off 2nd, Inc.*, Ky.App., 612 S.W.2d 756 (1980), which, while involving quasi-judicial immunity for a prosecutor, applies equally with regard to the duties of the CDW in the case at bar, in that quasi-judicial immunity attaches to the CDW when working within her capacity as a court designated worker.

*Id.* at 176.

Here, although the facts differ, the analysis is the same. There is no question Ledford attended the confidential meeting to perform his statutory duties as a CDW. As in *Horn*, despite Ledford's motives in making the alleged statements about Breiner, Ledford would not have been permitted to attend the confidential and statutorily required meeting were he not employed as a court designated worker. *See id.* Breiner requests we examine Ledford's alleged defamatory statements in a vacuum, arguing the statements themselves were not made within the scope of his employment. We refuse to engage in "hair splitting"

in determining whether a party is entitled to quasi-judicial immunity as *Horn* requires this Court to consider "the totality of [the CDW's] function as a court designated worker . . . rather than the happenstance" of Ledford making an alleged defamatory statement during his appearance as a CDW. *Id.* Ledford acted as a factfinder for the court in attending the meeting, which is a discretionary act. Although we do not condone the content of Ledford's alleged statements, Ledford was working in his capacity as a CDW when he allegedly made a defamatory statement against Breiner, so Ledford is entitled to quasi-judicial immunity.

For the foregoing reasons, we affirm the order of the Montgomery Circuit Court dismissing the complaint.

ALL CONCUR.

BRIEF FOR APPELLANT:

Edward E. Dove
Lexington, Kentucky

BRIEF FOR APPELLEE:

S. Chad Meredith
Solicitor General of Kentucky

Matthew F. Kuhn
Deputy Solicitor General
Frankfort, Kentucky

Brett R. Nolan
Special Litigation Counsel
Frankfort, Kentucky

Heather L. Becker
Assistant Attorney General
Frankfort, Kentucky